IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOLLAR MORTGAGE CORPORATION,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>GEORGE E. POWELL, JR., P.C. and  )<br>CHICAGO TITLE INSURANCE COMPANY,  )<br>)<br>Defendants.  )<br>)<br>CHICAGO TITLE INSURANCE COMPANY,  )<br>)<br>Defendant and Third Party Plaintiff  )<br>)<br>v.  )<br>)<br>JONES PROPERTIES, INC., DONNA JAMES,  )<br>REGINALD LAWRENCE, DENNIS BURKES,  )<br>and PREFERRED FINANCIAL SERVICES, INC.,  )<br>)<br>Third Party Defendants  )<br>) | CIVIL ACTION<br>NO. 07CV1080 |

## AFFIRMATIVE DEFENSES, ANSWER
## AND THIRD-PARTY COMPLAINT OF CHICAGO TITLE INSURANCE COMPANY

COMES NOW Defendant Chicago Title Insurance Company ("CTIC"), by and through its undersigned counsel, and files its Affirmative Defenses, Answer and Third-Party Complaint, stating as follows:

### AFFIRMATIVE DEFENSES

CTIC asserts the following defenses without assuming any burden of production or proof that it would not otherwise have. CTIC reserves the right to plead any additional defenses that may be applicable based on evidence revealed during discovery in this matter.

1

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

CTIC has no indemnification responsibility for any loss suffered by Plaintiff as a result of a) its own negligence or other conduct; b) the conduct of persons other than George Powell, Jr.; or c) the conduct of George Powell, Jr. that does not fall within the terms of the Statement of Settlement Service Responsibility Letter that is the partial subject of Plaintiff's claims.

## THIRD DEFENSE

The alleged losses suffered by Plaintiff were caused, in part or whole, by Plaintiff's own conduct.

## FOURTH DEFENSE

Defendant George E. Powell, Jr. P.C. was not an agent of CTIC, as contrasted with Southern States Title and Abstract, Inc., which was a title insurance agent of CTIC.

## FIFTH DEFENSE

CTIC denies each and every allegation contained in Plaintiff's Complaint and its prayer for relief unless the same is expressly admitted herein. CTIC further responds to the specific allegations of Plaintiff's Complaint as follows:

## **PARTIES**

1.

CTIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1 of the Complaint, and thus denies those allegations.

2.

Upon information and belief, CTIC admits the allegations contained in Paragraph No. 2 of the Complaint.

3.

CTIC admits that it is licensed to conduct business and does conduct business in Georgia. CTIC denies the remaining allegations contained in Paragraph No. 3 of the Complaint.

**JURISDICTION AND VENUE**

4.

Paragraph No. 4 of the Complaint states a legal conclusion as to which no response is required.

5.

CTIC admits that the property that is the partial subject of the Complaint is located in the Northern District of Georgia, and CTIC admits that a portion of the conduct that is the subject matter of this action occurred in the Northern District of Georgia. CTIC does not contest that it is subject to the jurisdiction and venue of this Court.

**GENERAL ALLEGATIONS**

6.

Upon information and belief, CTIC admits the allegations contained in Paragraph No. 6 of the Complaint.

7.

Upon information and belief, CTIC admits that Dollar funded a residential mortgage loan in the principal sum of $292,000 to Dennis Burkes for the purpose of his purchase of the property located at 1416 Meridian Street, Atlanta, Georgia (the "Property") and that Dollar's

loan was secured by a security deed against the Property. CTIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint, and thus denies the same.

8.

Paragraph No. 8 of the Complaint states generalizations as to which no response is required. To the extent that a response is required, CTIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and thus denies the same.

9.

Paragraph No. 9 of the Complaint states generalizations as to which no response is required. To the extent that a response is required, CTIC admits that it issues title insurance policies to lenders through agents authorized to act on its behalf. CTIC states that the remaining allegations in Paragraph No. 9 are generalizations and, on that basis, denies those allegations.

10.

Paragraph No. 10 of the Complaint states generalizations and legal conclusions as to which no response is required. To the extent that a response is required, CTIC admits that it may issue a Statement of Settlement Service Responsibility Letter ("SSSRL") to a lender. Each such letter is a written document, the terms of which speak for themselves. CTIC states that the remaining allegations in Paragraph No. 10 are generalizations and, on that basis, denies those allegations.

11.

CTIC admits that before the closing on the Property, Southern States Title and Abstract Company ("Southern States"), acting through its principal George Powell, issued a CTIC title

4

insurance policy with a policy date of June 20, 2003 to Dollar. CTIC admits that Southern States was an authorized title insurance agent of CTIC. CTIC further admits that it issued a SSSRL dated June 3, 2003 prior to the closing of the loan to Burkes with language as quoted in Paragraph 11 of the Complaint, although the quotation is not a complete recitation of the terms and conditions of the SSSRL. CTIC denies any remaining allegations in Paragraph No. 11 of the Complaint.

12.

CTIC admits that line 603 of the HUD-1 referenced $135,898.42 as "Cash to Seller." CTIC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 12 of the Complaint and thus denies those allegations.

13.

CTIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and thus denies those allegations.

14.

CTIC admits that the LandTech disbursement statement for the Burkes loan indicates that check number 20568 in the sum of $83,633.75 was jointly payable to Lawrence and his designee Donna James. CTIC lacks knowledge or information sufficient to form a belief as to any review of the closing file or the identity of Donna James. CTIC denies the remaining allegations contained in Paragraph No. 14 of the Complaint.

15.

CTIC denies the allegations contained in Paragraph No. 15 of the Complaint.

16.

CTIC denies the allegations contained in Paragraph No. 16 of the Complaint.

17.

CTIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and thus denies those allegations.

18.

CTIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and thus denies those allegations.

19.

CTIC admits that by letter dated August 29, 2005, Dollar notified CTIC that Dollar was alleging a claim under the SSSRL issued prior to the Burkes loan and alleging that the disbursement of loan funds constituted fraud or dishonesty by Powell. CTIC denies the remaining allegations in Paragraph No. 19 of the Complaint.

20.

CTIC admits that over 18 months have passed since Dollar submitted its August 29, 2005 letter to CTIC. CTIC denies the remaining allegations in Paragraph No. 20 of the Complaint.

21.

CTIC denies the allegations in Paragraph No. 21 of the Complaint.

### FIRST CAUSE OF ACTION
### Breach of Fiduciary Duty
### (Against Powell)

22.

CTIC incorporates its answers to paragraphs 1 through 21 as if set forth fully herein.

23.

Paragraph No. 23 of the Complaint states a legal conclusion as to which no response is required.

24.

Paragraph No. 24 of the Complaint asserts legal conclusions and allegations against a party other than CTIC as to which no response is required. To the extent a response is required, CTIC denies the allegations contained in Paragraph No. 24 of the Complaint.

25.

Paragraph No. 25 of the Complaint asserts legal conclusions and allegations against a party other than CTIC as to which no response is required. To the extent a response is required, CTIC denies the allegations contained in Paragraph No. 25 of the Complaint.

### SECOND CAUSE OF ACTION
### Breach of Surety Agreement
### (Against Chicago Title)

26.

CTIC incorporates its answers to paragraphs 1 through 25 as if set forth fully herein.

27.

CTIC admits that it issued a SSSRL to Dollar prior to the Burkes loan, which letter speaks for itself. CTIC denies the allegations in Paragraph 27 to the extent that they purport to describe or characterize the content, meaning or effect of said letter. CTIC denies the remaining allegations in Paragraph 27 of the Complaint.

28.

Paragraph No. 28 of the Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, CTIC denies the allegations contained in Paragraph No. 28 of the Complaint.

7

29.

The SSSRL is a written document that speaks for itself. CTIC denies the allegations in Paragraph 29 to the extent that they purport to describe or characterize the content, meaning or effect of said letter. CTIC denies the remaining allegations in Paragraph 29 of the Complaint.

30.

CTIC denies the allegations contained in Paragraph No. 30 of the Complaint.

31.

CTIC denies the allegations contained in Paragraph No. 31 of the Complaint.

**THIRD CAUSE OF ACTION**
**Breach of Contract**
**(Against Chicago Title)**

32.

CTIC incorporates its answers to paragraphs 1 through 31 as if set forth fully herein.

33.

CTIC admits that it issued a SSSRL to Dollar prior to the Burkes loan, which letter speaks for itself. CTIC denies the allegations in Paragraph 33 to the extent that they purport to describe or characterize the content, meaning or effect of said letter. CTIC denies the remaining allegations in Paragraph 33 of the Complaint.

34.

Paragraph No. 34 of the Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, CTIC denies the allegations contained in Paragraph No. 34 of the Complaint.

AT1 32411403.1

35.

The SSSRL is a written document that speaks for itself. CTIC denies the allegations in Paragraph 35 to the extent that they purport to describe or characterize the content, meaning or effect of said letter. CTIC denies the remaining allegations in Paragraph 35 of the Complaint.

36.

CTIC denies the allegations contained in Paragraph No. 36 of the Complaint.

37.

CTIC denies the allegations contained in Paragraph No. 37 of the Complaint.

**FOURTH CAUSE OF ACTION**
**Negligence**
**(Against Powell)**

38.

CTIC incorporates its answers to paragraphs 1 through 37 as if set forth fully herein.

39.

Paragraph No. 39 of the Complaint asserts legal conclusions and allegations against a party other than CTIC as to which no response is required.

40.

Paragraph No. 40 of the Complaint asserts legal conclusions and allegations against a party other than CTIC as to which no response is required. To the extent that a response is required, CTIC denies the allegations contained in Paragraph No. 40 of the Complaint.

41.

CTIC denies the allegations contained in Paragraph No. 41 of the Complaint.

## FIFTH CAUSE OF ACTION
### Agency Liability
### (Against Chicago Title)

42.

CTIC incorporates its answers to paragraphs 1 through 41 as if set forth fully herein.

43.

CTIC denies the allegations contained in Paragraph No. 43 of the Complaint.

44.

CTIC denies the allegations contained in Paragraph No. 44 of the Complaint.

45.

Paragraph No. 45 of the Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, CTIC denies the allegations set forth in Paragraph No. 45 of the Complaint.

46.

CTIC denies the allegations set forth in Paragraph No. 46 of the Complaint.

WHEREFORE, CTIC denies that Plaintiff is entitled to any of the relief requested against CTIC and prays the Plaintiff's claims against CTIC be dismissed with prejudice.

## THIRD PARTY COMPLAINT

Pursuant to Federal Rule of Civil Procedure 14(a), Chicago Title Insurance Company ("CTIC"), by and through the undersigned counsel, files this Third-Party Complaint against Jones Properties, Inc. ("Jones"), Donna James ("James"), Preferred Financial Services, Inc. ("Preferred"), Reginald Lawrence ("Lawrence"), and Dennis Burkes ("Burkes"), showing the Court as follows:

AT1 32411403.1

## JURISDICTION AND VENUE

1.

Upon information and belief, Third-Party Defendant Jones Properties, Inc. is a Georgia corporation. This Court has personal jurisdiction over Jones.

2.

Upon information and belief, Third-Party Defendant Donna James is an individual resident of the State of Georgia. This Court has personal jurisdiction over James.

3.

Upon information and belief, Third-Party Defendant Reginald Lawrence is an individual resident of the State of Georgia. This Court has personal jurisdiction over Lawrence.

4.

Upon information and belief, Third-Party Defendant Dennis Burkes is an individual resident of the State of Georgia. This Court has personal jurisdiction over Burkes.

5.

Upon information and belief, Third-Party Defendant Preferred Financial Services, Inc. is a Georgia corporation.. This Court has personal jurisdiction over Preferred.

6.

This Court has subject matter jurisdiction over this Third-Party Complaint under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between Third-Party Plaintiff and Third-Party Defendants. Venue is proper in this Court under 28 U.S.C. § 1391(a).

## BACKGROUND

7.

This lawsuit arises out of a mortgage loan (the "Burkes Loan") in the amount of $292,000.00 that Plaintiff Dollar Mortgage Corporation ("Dollar") made to Burkes on or about June 20, 2003 for his purchase of property known as 1416 Meridian Street, Atlanta, Georgia (the "Property") from Third-Party Defendant Lawrence.

8.

Upon information and belief, Preferred, Jones, James, Burkes, and Lawrence conspired to commit mortgage fraud in connection with the sale and financing of the subject transaction. Each of the Third-Party Defendants owed a general duty to CTIC and others to make correct statements in connection with the subject transaction. Upon information and belief, each of the Third-Party Defendants participated in a scheme to intentionally misrepresent the value of the property, the financial condition of Burkes, and Burkes' purported intention to occupy the property as its owner and repay the subject loan.

9.

George Powell, Jr. ("Powell") of Defendant George E. Powell, Jr., PC was the closing attorney for the Burkes Loan who, on information and belief, was unaware of the fraudulent statements and intent of the Third-Party Defendants.

10.

At the time of the Burkes Loan closing, Southern States Title & Abstract Company, whose principal was George Powell, Jr., was a title insurance policy issuing agent for Defendant/Third-Party Plaintiff CTIC.

11.

Prior to the Burkes Loan closing, CTIC issued a Statement of Settlement Services Responsibility Letter (the "SSSRL") to Dollar concerning Powell's conduct in connection with the Burkes Loan closing. A copy of the SSSRL is attached hereto as <u>Exhibit A.</u> <u>In issuing the SSSRL, CTIC was unaware of the mortgage fraud scheme of the Third-Party Defendants.</u>

12.

Upon information and belief, the Burkes Loan closed on or about June 20, 2003. Per Dollar's authorization, $135,898.42 of the loan proceeds was payable to Lawrence as Seller. Per the form language of the HUD-1 Settlement Statement ("HUD-1") that was completed in connection with the closing, a total amount of $135,898.42 was referenced as "Cash to Seller."

13.

The seller, Lawrence, provided written instructions directing Powell to issue the funds payable to Lawrence in two checks to Lawrence, one check in the amount of $52,264.67 payable to Lawrence and the other in the amount of $83,633.75 payable to Lawrence and James. Powell disbursed these funds allocable to Lawrence as seller in accordance with Lawrence's written instructions. On information and belief, Powell acted without knowledge of the mortgage fraud scheme of the Third-Party Defendants.

14.

By letter dated August 29, 2005, Dollar notified CTIC of a purported claim (the "Claim") under the SSSRL. In support of the Claim, Dollar has alleged or otherwise informed CTIC that: (1) Burkes defaulted on the Burkes Loan; (2) following Burkes' default and foreclosure on the Property, Dollar incurred a $168,189.98 loss on the Burkes Loan; (3) at the time of the Burkes Loan closing, James was an agent and executive of Preferred; (4) the appraisal provided to

Dollar in connection with the Burkes Loan was factually inaccurate and substantially overstated the value of the Property; (5) the loan file for the Burkes Loan contained false information concerning Burkes' income and employment and intention to occupy the property; and (6) Jones, Preferred, James, Burkes, and Lawrence knowingly participated in a fraudulent and dishonest scheme in connection with the Burkes Loan.

15.

As a result of the mortgage fraud scheme of Third Party Defendants, CTIC is facing claims in this action by Dollar which will cause CTIC to incur litigation expenses and subjects CTIC to a risk of an adverse judgment on Dollar's claims, although CTIC strongly denies any liability to Dollar. Third Party Defendants have a common law duty under the circumstances to indemnify CTIC against its litigation expenses and against any adverse judgment that CTIC may suffer on the Dollar claims.

**CLAIM FOR INDEMNITY**
**(against Jones Properties, Inc.)**

16.

CTIC incorporates and realleges herein paragraphs 1 through 15 of its Third-Party Complaint, together with its Answers to Dollar's Complaint, including CTIC's defenses and responses to the individual paragraphs of Dollar's Complaint.

17.

CTIC is entitled to indemnification from Jones **for CTIC's litigation expenses and for any judgment that CTIC may suffer as a result of Dollar's claims.**

## CLAIM FOR INDEMNITY
### (against Donna James)

18.

CTIC incorporates and realleges herein paragraphs 1 through 17 of its Third-Party Complaint, together with its Answers to Dollar's Complaint, including CTIC's defenses and responses to the individual paragraphs of Dollar's Complaint.

19.

CTIC is entitled to indemnification from James **for CTIC's litigation expenses and for any judgment that CTIC may suffer as a result of Dollar's claims.**

## CLAIM FOR INDEMNITY
### (against Reginald Lawrence)

20.

CTIC incorporates and realleges herein paragraphs 1 through 19 of its Third-Party Complaint, together with its Answers to Dollar's Complaint, including CTIC's defenses and responses to the individual paragraphs of Dollar's Complaint.

21.

CTIC is entitled to indemnification from Lawrence **for CTIC's litigation expenses and for any judgment that CTIC may suffer as a result of Dollar's claims.**

## CLAIM FOR INDEMNITY
### (against Dennis Burkes)

22.

CTIC incorporates and realleges herein paragraphs 1 through 21 of its Third-Party Complaint, together with its Answers to Dollar's Complaint, including CTIC's defenses and responses to the individual paragraphs of Dollar's Complaint.

23.

CTIC is entitled to indemnification from Burkes **for CTIC's litigation expenses and for any judgment that CTIC may suffer as a result of Dollar's claims.**

### CLAIM FOR INDEMNITY
(against Preferred Financial Services, Inc.)

24.

CTIC incorporates and realleges herein paragraphs 1 through 23 of its Third-Party Complaint, together with its Answers to Dollar's Complaint, including CTIC's defenses and responses to the individual paragraphs of Dollar's Complaint.

25.

CTIC is entitled to indemnification from Preferred for CTIC's litigation expenses and for any judgment that CTIC may suffer as a result of Dollar's claims.

### CLAIM FOR LITIGATION EXPENSES
(against all Third-Party Defendants)

26.

CTIC incorporates and realleges herein paragraphs 1 through 25 of its Third-Party Complaint, together with its Answers to Dollar's Complaint, including CTIC's defenses and responses to the individual paragraphs of Dollar's Complaint.

27.

Each Third-Party Defendant has acted in bad faith, been stubbornly litigious, or has caused CTIC unnecessary trouble and expense.

28.

CTIC is entitled to recover its litigation expense, including its reasonable attorneys' fees pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, CTIC respectfully requests that this Court:

(a) Award CTIC relief consistent with that sought in its Third-Party Complaint against Jones;

(b) Award CTIC relief consistent with that sought in its Third-Party Complaint against Lawrence;

(c) Award CTIC relief consistent with that sought in its Third-Party Complaint against James;

(d) Award CTIC relief consistent with that sought in its Third-Party Complaint against Burkes;

(e) Award CTIC relief consistent with that sought in its Third-Party Complaint against Preferred; and

(f) Award CTIC such other relief as this Court deems just and proper.

Dated this 19th day of June 2007.

    Respectfully submitted,

    */s/Craig K. Pendergrast*
    SEYFARTH SHAW LLP
    Craig K. Pendergrast
    Georgia Bar No. 571155
    Sherri G. Buda
    Georgia Bar No. 093399
    1545 Peachtree Street, Suite 700
    Atlanta, Georgia 30309-2401
    Telephone: (404) 885-1500
    Telecopier: (404) 892-7056

    ATTORNEYS FOR DEFENDANT
    AND THIRD-PARTY PLAINTIFF
    CHICAGO TITLE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| DOLLAR MORTGAGE CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GEORGE E. POWELL, JR., P.C. and ) <br> CHICAGO TITLE INSURANCE COMPANY, ) <br> ) <br> Defendants. ) <br> ) <br> CHICAGO TITLE INSURANCE COMPANY, ) <br> ) <br> Defendant and Third Party Plaintiff ) <br> ) <br> v. ) <br> ) <br> JONES PROPERTIES, INC., DONNA JAMES, ) <br> REGINALD LAWRENCE, DENNIS BURKES, ) <br> and PREFERRED FINANCIAL SERVICES, INC., ) <br> ) <br> Third Party Defendants ) | CIVIL ACTION <br> NO. 07CV1080 |

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2007, I electronically filed Affirmative Defenses, Answer and Third-Party Complaint of Chicago Title Insurance Company with the Clerk of Court, United States District Court, Northern District of Georgia, which will automatically send e-mail notification of such filing to the following attorneys of record:

Michael C. McGoff, Esq.  
Allison K. Warner, Esq.  
MILES, MCGOFF & MOORE  
4360 Chamblee Dunwoody Road  
Suite 400  
Atlanta, GA 430341-1055

Alan F. Herman, Esq.  
HAWKINS & PARNELL, LLP  
4000 SunTrust Plaza  
303 Peachtree Street, N.E.  
Atlanta, GA 30308

ATI 32411403.1

Dated this 19th day of June 2007.

                                         Respectfully submitted,

                                         */s/Craig K. Pendergrast*
                                         SEYFARTH SHAW LLP
                                         Craig K. Pendergrast